UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| **MADHAVI BHAMIDIPATI** | : | CASE NO. 1:21-cv-485 |
| **Plaintiff** | : | JUDGE: |
| vs. | : | MAGISTRATE JUDGE: |
| **PRUDENTIAL INSURANCE COMPANY OF AMERICA**<br>**751 Broad St.**<br>**Newark, NJ  07102** | : | |
| | : | **COMPLAINT** |
| And | : | |
| **CINTAS CORPORATION LONG TERM DISABILITY PLAN**<br>**ATTENTION: BENEFITS DEPARTMENT**<br>**6800 Cintas Boulevard**<br>**Cincinnati, OH  45262-5737** | : | |
| | : | |
| **Defendants** | : | |

Now comes the Plaintiff, Madhavi Bhamidipati, by and through counsel, and for her Complaint hereby states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of the Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA) and, in particular, 29 U.S.C. § 1132(e)(1) and 1132(f). These statutory provisions give district courts jurisdiction to hear civil actions brought to

recover benefits due under the terms of Employee Welfare Benefit Plans. In this case, the Plaintiff, Madhavi Bhamidipati, asserts a claim for group disability benefits available under a long-term disability Plan provided for the employees of Cintas Corporation. The Plan and policy documents should be included in the Administrative Record that Defendants file with this Court. This action is also brought pursuant to 28 U.S.C. § 1331 which gives district court's jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Plaintiff has exhausted those avenues of appeal.

## NATURE OF ACTION

3. Plaintiff, Madhavi Bhamidipati, seeks an award of disability benefits, including disability income benefits pursuant to an Employee Welfare Benefit Plan providing group disability benefits to employees of Cintas Corporation. This action is brought pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). Plaintiff also seeks to enforce the right to future benefits and demand that Defendants account for past benefits and pay future benefits.

## THE PARTIES

4. Plaintiff was an active employee under the Plan and eligible for benefits as a qualified employee when her medical condition deteriorated, and she could no longer work. Plaintiff is now disabled. Venue is proper in the Southern District of Ohio

Western Division at Cincinnati because the Prudential Insurance Company of America, may be found in this district. The Prudential Insurance Company of America conducts ongoing business with Hamilton County, Ohio residents, employs Hamilton County, Ohio residents and has extensive contacts within Hamilton County, Ohio. Additionally, the Plaintiff is a resident and citizen of the United States and the State of Ohio and a participant in the Plan.

5. At all times relevant hereto, the long-term disability plans constituted an "Employee Welfare Benefit Plan" as defined by 29 U.S.C. § 1002(1). Plaintiff became disabled while employed under the Plan and has coverage as a Plan participant as defined by 29 U.S.C. § 1002(7).

6. The Plan's "Claim Administration" is run by a Plan Fiduciary, which, upon information and belief, is The Prudential Insurance Company of America (hereinafter, "Prudential"). The Prudential insurance policy issued to Cintas Corporation was delivered in the State of Ohio.

## STATEMENT OF FACTS

7. Madhavi Bhamidipati was hired by Cintas Corporation and worked as a Software Engineer Level II, before having to leave work on June 26, 2013. Plaintiff has been diagnosed with Persistent Postural-Perceptual Dizziness (hereinafter, "PPPD") and has severe symptoms that include, but are not limited to, persistent dizziness, nausea, and

fatigue. According to the Journal of Vestibular Research, PPPD is, "classified as a chronic functional vestibular disorder. It is not a structural or psychiatric condition."[1]

8. The occupation of Software Engineer Level II is classified as sedentary in physical demand and highly skilled (SVP 8).

9. Plaintiff received short-term disability benefits upon her departure from work from June 26, 2013 through September 23, 2013.

10. Initially, Prudential only paid 5 days worth of benefits to Plaintiff before denying her claim on November 15, 2013. This denial of benefits was overturned on an appeal dated May 21, 2014.

11. Long-term disability (LTD) benefits were paid from September 24, 2013 through September 24, 2015 for Plaintiff's inability to perform her "own occupation." This period of time was paid under the "mental health limitation" in the Prudential policy, which limits benefits to 24 months.

12. "Mental Illness" is defined in Prudential's policy as, "a psychiatric or psychological condition regardless of cause. Mental illness includes but is not limited to schizophrenia, depression, manic depressive or bi-polar illness, anxiety, somatization, substance related disorders and/or adjustment disorders or other conditions. These

---

[1] Defined in Diagnostic Criteria for Persistent Postural-Perceptual Dizziness (PPPD) from the Journal of Vestibular Research, which is attached to Plaintiff's appeal dated December 9, 2019.

conditions are usually treated by a mental health provider or other qualified provider using psychotherapy, psychotropic drugs, or other similar methods of treatment as standardly accepted in the practice of medicine." (Prudential long-term disability policy page 20).

13. Long-term disability benefits were paid under the "any occupation" definition for physical disability from September 24, 2015 until January 11, 2016 when Prudential denied Ms. Bhamidipati's long-term disability benefits again and an appeal was filed dated August 17, 2016. Prudential redenied the claim on September 12, 2016 and a second appeal was filed on March 9, 2017. Prudential restarted Plaintiff's long-term disability benefits as she proved she continued to have a physical disability.

14. The definition of disability for "any occupation" that Plaintiff must meet under the Cintas Corporation policy, is as follows: "After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury: 1) you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience; and 2) you are under the regular care of a doctor."

15. "Gainful occupation" means, "an occupation, including self-employment, that is or can be expected to provide you with an income within 12 months of your return to work, that exceeds: 60% of your monthly earnings, if you are not working." Plaintiff's "gainful occupation" occupation wage is $24.52 per hour.

16. Benefits were paid continuously to Plaintiff under the "any occupation" standard for physical disability for nearly 4 years.  Prudential denied the claim again on June 14, 2019, secondary to its new conclusion that Mrs. Bhamidipati's medical condition was "psychogenic" and that no further benefits were payable under the policy because Plaintiff had already been paid 24 months of benefits under the "mental health limitation" in the policy.  Prudential's new "psychogenic" argument was based on an Independent Medical Examination <u>completed by a neuro-ophthalmologist, who is not qualified to diagnose a "psychogenic" condition</u>.

17. An appeal was filed by Plaintiff on December 9, 2019, which included updated medical records from Plaintiff's treatment at the Mayo Clinic; opinions from Plaintiff's treating psychiatrist and medical professionals hired by the Social Security Administration proving that Ms. Bhamidipati does not have a psychiatric or psychogenic impairment; the statement under oath of Madhavi Bhamidipati; and multiple medical articles concerning PPPD and its origins.

18. On January 28, 2020, Plaintiff's counsel wrote to Prudential and advised of its responsibility to provide any and all information that was gathered on appeal to Plaintiff for a response prior to issuing its second denial.  Prudential refused to do so in a letter dated January 29, 2020. (Exhibit A)  Plaintiff's counsel wrote a second letter on February 6, 2020, (Exhibit B) advising the Prudential claim adjuster as to why she was incorrect in her interpretation of the new regulations at 29 CFR 2560.503-1.

19. Despite Plaintiff's counsel's arguments, Prudential issued its second denial on February 21, 2020 and a second appeal was filed on December 4, 2020.

20. Plaintiff's December 4, 2020 appeal consisted of the Statement under Oath of Gregory Kitchener, O.D. of Cincinnati, Ohio, who examined Plaintiff and discussed his results in detail which reliably proved that Plaintiff did not have a psychogenic or psychological condition.

21. In response to Plaintiff's appeal, Prudential obtained an Addendum report from Dr. Kitchener and a non-examining file review report from Bryan Ho, M.D. Dr. Ho's report speculated that Plaintiff's medical condition was psychogenic in nature.

22. On February 1, 2021, Prudential admitted that it had previously misapplied the new regulations in welfare benefit claims and provided Dr. Ho's report and time to respond to Dr. Ho's conclusions, which were not based on any examination. On February 22, 2021, Plaintiff submitted an extensive response to Dr. Ho's report. In response, Prudential obtained an Addendum report from Dr. Ho, and Plaintiff responded to this Addendum report on March 10, 2021.

23. On March 18, 2021, Prudential issued its final denial, which not only denied the claim based on the mental health limitation, but also invoked the self-reported symptoms limitation as a reason to deny additional benefit payments.

24. The final denial letter, dated March 18, 2021, stated that Plaintiff has exhausted her administrative remedies.

## FIRST CAUSE OF ACTION
## CLAIM FOR BENEFITS UNDER 29 U.S.C. § 1132(a)(1)(B)

25. Plaintiff incorporates as if fully restated herein the allegations in paragraphs 1 through 24 of the Complaint.

26. Defendant Plan and Prudential failed to exercise the statutorily required duty of care and prudence, failing to administer the Plan solely in the interests of the participants and beneficiaries as required under 29 U.S.C. § 1104(a)(1), and by denying the benefits to the Plaintiff contrary to the law and terms of the Plan. Prudential and the Plan have arbitrarily ignored and selectively reviewed documents Plaintiff has submitted and has failed to provide a full and fair review.

27. Defendant Prudential has an inherent "conflict of interest" as it has a dual role as both evaluator and payor of benefit claims, which is to be considered as a factor in the review of any benefit determination. The conflict of interest effected the decision to deny benefits. The conflict allowed Prudential an overreliance on non-examining physicians' opinions. The conflict of interest caused Prudential to disregard relevant evidence with no explanation and totally or partially caused the denial of benefits without using a reasoned process.

28. While Defendant Prudential may have the authority to make claims determinations under applicable law and the language of the Policy, Prudential's determinations as Plan Fiduciary are not entitled to deference and the review of any benefits determination must be made *de novo*.

29. As a full *de novo* review of this decision and the evidence in the claim file is required by statute, this Court may not abrogate its duty to perform such a review. Any failure to provide such a review would violate the US Constitution and deprive Plaintiff of constitutional rights, including under Article III and the principles of separation of powers, amongst others.

30. If the Court determines that an arbitrary and capricious standard of review applies to this case rather than a *de novo* standard, Prudential's denial of benefits must be overturned due to the faulty evaluation, confusing methods and below market standards employed by Prudential in the evaluation of evidence. Standards applicable under ERISA, including as enumerated by this Court, the Sixth Circuit Court of Appeals and the United States Supreme Court have been violated by Prudential and an examination of the record reveals that Prudential's decision to discontinue benefits is not the result of a reasoned process and that it is, therefore, arbitrary and capricious.

31. Prudential and the Plan has violated their duty to provide a full and fair review of claimant's evidence by engaging in the following acts:  1) Defendants have ignored evidence supplied by Plaintiff which supports her disability; 2) Defendants relied

upon non-examining peer reviews that mischaracterized Plaintiff's medical severity; 3) Defendants have improperly relied upon conclusion based peer reviews which failed to address the claimant's actual limitations, which included dizziness, weakness, fatigue, and an inability to persist; 4) Defendants have engaged in a selective review of evidence presented by the claimant; 5) Defendants have speculated, without an actual examination, that this claim is based on a mental health condition; and 6) Plaintiff proved that her conditions were not psychogenic and Defendant minimalized the evidence by adopting a credibility determination made by a non-examining file reviewer.

32. Plaintiff has exhausted her administrative remedies and the Plan still wrongfully denies benefits to which she is entitled.

33. ERISA requires that an Employee Welfare Benefit Plan be established and maintained pursuant to a written instrument, 29 U.S.C. § 1192(a)(1).

34. The disability Plan under which the Plaintiff Madhavi Bhamidipati was a participant at the time of her disability should be included in the Administrative record filed with this Court as those documents set forth the sole criteria for benefits for the Plaintiff. Defendant's actions that are inconsistent with the plan language are *defacto* arbitrary.

35. ERISA provides that an Employee Benefit Welfare Plan shall be established and maintained pursuant to 29 U.S.C. § 1192(a)(1). Under the terms of the

Plan, to be filed with the Administrative record, the termination of Plaintiff's benefits was clearly unreasonable and without basis.

36. The Plan Administrator, the Plan and Prudential failed to provide a full and fair review under 29 CFR 2560.503-1 thereby depriving Plaintiff of her due process. See 29 CFR 2560.503-1(g)(1)(v)(A)&(B). The Code of Federal Regulations requires an adequate explanation of why the claimant's evidence was insufficient to award benefits. Prudential offered no explanation of why claimant's evidence was insufficient or why the evidence created by examining and/or non-examining physicians was more reliable.

37. Plaintiff is entitled to benefits and benefits are due and owing to Plaintiff from Defendants in an amount not yet ascertainable. Plaintiff seeks the payment of these benefits under 29 U.S.C. § 1132(a)(1).

**WHEREFORE**, Plaintiff, Madhavi Bhamidipati, prays for the following relief:

A. That the Court enter judgment in Plaintiff Bhamidipati's favor and against the Defendants and that the Court order the Defendants to account and pay disability income benefits to Plaintiff Bhamidipati in an amount equal to the contractual amount of benefits to which Bhamidipati is entitled;

B. That the Court order the Defendants to pay Bhamidipati's pre-judgment interest on all benefits that have accrued prior to the date of judgment and enter judgment accordingly and that the Court reserve jurisdiction to enforce the equitable decree;

11

C. That the Court declare Madhavi Bhamidipati's rights under the ERISA Plan, the ERISA statute, and the applicable insurance laws and order the Defendants to continue paying Plaintiff Bhamidipati benefits until such time as the Court decides that she meets the policy conditions for discontinuance of benefits and this is perfected by an Order of this Court;

D. That the Court award the Plaintiff her attorney fees pursuant to 29 U.S.C. § 1132(g), after the filing of a Motion more fully establishing her entitlement to such fees; and

E. That Plaintiff recovers any and all other relief to which she may be entitled, as well as the costs of the suit.

Dated this 21st day of July, 2021

Respectfully submitted,

*/s/ Joseph P. McDonald*

Joseph P. McDonald (0055230)
McDonald & McDonald Co., L.P.A.
200 E. Spring Valley Rd, Suite A
Dayton, OH  45458
Tel: 937-428-9800
Fax: 937-347-5441
Email:  joseph@mcdonaldandmcdonald.com
Attorney for Plaintiff, Madhavi Bhamidipati